IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE MCPHERSON, | § | |
| | § | |
| Plaintiff, | § | Case No. 4:17-cv-3006 |
| | § | |
| v. | § | |
| | § | |
| K-SOLV, LP, | § | |
| | § | |
| Defendant. | § | A Jury is Demanded. |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The meeting of counsel was held on January 29, 2018, by telephone conference, and included the following participants:

**Thomas H. Padgett, Jr.**
Texas Bar No. 15405420
tpadgettlaw@gmail.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
T: (713) 868-3388
F: (713) 683-9940
**ATTORNEYS FOR PLAINTIFF**

**Mary Michelle Mahony**
Attorney-in-Charge
Texas Bar No. 24002516
S.D. Tex. Bar No. 23787
mmahony@m2dlaw.com
**R. John Grubb II**
Texas Bar No. 24101834
S.D. Tex. Bar No. 3070409
jgrubb@m2dlaw.com
**MUSKAT, MAHONY & DEVINE, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas 77002
T: (713) 987-7850

F: (713) 987-7854
**ATTORNEYS FOR DEFENDANT**

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None presently known.

3. **<u>Briefly</u> describe what the case is about.**

<u>By Plaintiff</u>: This is a single plaintiff overtime case. Plaintiff alleges that she was not paid for all hours worked. Plaintiff alleges that when she researched her rights using a company computer, she was terminated because of her review of her rights.

<u>By Defendant</u>: Defendant denies Plaintiff's allegations and denies that it is liable to Plaintiff on her overtime claim. In particular, Defendant alleges that Plaintiff is exempt from the FLSA and, as such, is not entitled to overtime compensation. Defendant further denies that it had knowledge that Plaintiff was working after normal hours, if at all, and which Plaintiff must prove, in violation of its specific instructions to Plaintiff.

Defendant further denies that it is liable to Plaintiff on her FLSA retaliation claim. Specifically, Plaintiff did not engage in activity protected by the FLSA and Plaintiff was terminated for legitimate, non-retaliatory reasons.

4. **Specify the allegation of federal jurisdiction.**

Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1131 (federal question jurisdiction)—claims alleged under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

5. **Name the parties who disagree and the reasons.**

No party disagrees.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None presently known.

7. **List anticipated interventions.**

None presently known.

8. **Describe class-action issues.**

None presently known.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties will exchange the Initial Disclosures required by Rule 26(a) by February 9, 2018.

**10. Describe the proposed agreed discovery plan, including:**

    **a. Responses to all matters raised in Rule 26(f).**

        With respect to Rule 26(f)(3)(A), the parties do not believe that any changes should be made in the form or requirement for disclosures under Rule 26(a). They have agreed that such disclosures shall be exchanged on or before February 9, 2018.

        With respect to Rule 26(f)(3)(B), the parties anticipate conducting discovery on Plaintiff's claims and Defendant's defenses. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues. The parties agree that they may serve pleadings and documents on one another via e-mail.

        With respect to Rule 26(f)(3)(C), the parties agree that electronically stored information, if any, may be discovered and produced in accordance with the Federal Rules. After discovery is served, the parties will further consider and confer, if necessary, regarding the particular formats by which any electronically stored information will be produced. However, the parties generally agree that electronically stored information may be produced initially by the producing party in PDF format on media such as CDs. If possible, such PDFs shall be searchable.

        With respect to Rule 26(f)(3)(D), Defendant believes that certain information likely to be requested by Plaintiff in discovery is confidential. Defendant anticipates negotiating with Plaintiff an agreed protective order to be entered by the Court.

        With respect to Rule 26(f)(3)(E), no changes should be made to the limitations on discovery imposed by the Federal Rules or the Local Rules.

        With respect to Rule 26(f)(3)(F), at this time, the parties are unaware of any other orders that should be issued under Rule 26(c) or Rules 16(b) or (c). To the extent the parties' position on this issue changes as discovery proceeds, the parties will confer and, if appropriate, notify the Court.

        See Items (b) through (h) below regarding discovery generally.

    **b. When and to whom the plaintiff anticipates it may send interrogatories.**

        Plaintiff anticipates sending interrogatories to the Defendant.

    c. **When and to whom the defendant anticipates it may send interrogatories.**

    Defendant anticipates sending interrogatories to Plaintiff. Defendant may also request documents or request a deposition on written question from any other employer for whom Plaintiff worked while employed by Defendant as well as Plaintiff's current employer(s).

    d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Plaintiff anticipates taking oral deposition of Plaintiff's supervisor, the termination decision-maker, and a corporate representative.

    e. **Of whom and by when the defendant anticipates taking oral depositions.**

    Defendant anticipates taking the deposition of Plaintiff by the close of the discovery period.

    f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    The parties propose that Plaintiff's expert designations be due July 16, 2018, and that Defendant's expert designations be due September 4, 2018 (45 days thereafter).

    g. **List expert depositions the plaintiff (or the party with the burden of proof of an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

    The only experts anticipated in the case are the attorneys who would testify regarding fees following a verdict. Therefore, the parties agree that any reports will be submitted in conjunction with a fee application, if necessary.

    h. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

    Defendant anticipates deposing each of Plaintiff's expert witnesses before the close of the discovery period.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the discovery plan as set forth above.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

4

None.

**13. State the date the planned discovery can be reasonably completed.**

By Plaintiff: Plaintiff proposes that discovery can be reasonably completed by November 30, 2018.

By Defendant: Defendant proposes that discovery can be reasonably completed by November 30, 2018.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties are amenable to mediation after a period of meaningful discovery. The parties have also discussed settlement informally and will continue to do so.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties are amenable to mediation after a period of meaningful discovery. The parties have also discussed settlement informally and will continue to do so.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties are amenable to mediation after a period of meaningful discovery.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties are not amenable to proceeding before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff McPherson included a timely jury demand in her Original Complaint (Docket 1).

**19. Specify the number of hours it will take to present the evidence in this case.**

Currently, the parties anticipate that trial will take approximately 2 days.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None presently known.

**21. List other motions pending.**

No other motions are currently pending.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties are aware of no such issues.

**23. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

See signature blocks below.

Respectfully submitted,

/s/ Thomas H. Padgett, Jr._____
**Josef F. Buenker**
Texas Bar No. 03316860
jbuenker@buenkerlaw.com
**Thomas H. Padgett, Jr.**
Texas Bar No. 15405420
tpadgettlaw@gmail.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
T: (713) 868-3388
F: (713) 683-9940
**ATTORNEYS FOR PLAINTIFF**


/s/ Mary Michelle Mahony_____
**Mary Michelle Mahony**
Attorney-in-Charge
Texas Bar No. 24002516
S.D. Tex. Bar No. 23787
mmahony@m2dlaw.com
**R. John Grubb II**
Texas Bar No. 24101834
S.D. Tex. Bar No. 3070409
jgrubb@m2dlaw.com
**MUSKAT, MAHONY & DEVINE, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas 77002

T: (713) 987-7850
F: (713) 987-7854
**ATTORNEYS FOR DEFENDANT**